# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In re:

DOUGLAS P. RUSSELL and
TRACY E. RUSSELL,

    Debtors.
_____/

Case No. 06-13589
Hon. Gerald E. Rosen

DOUGLAS P. RUSSELL and,
TRACY E. RUSSELL,

    Appellants,

v.

DAVID SHOOK,

    Appellee.
_____/

Bankruptcy Case No. 03-31909
Chapter 13
Hon. Walter Shapero

## OPINION AND ORDER AFFIRMING
## BANKRUPTCY COURT'S ATTORNEY FEE AWARD

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on   August 31, 2009

PRESENT:  Honorable Gerald E. Rosen
                  Chief Judge, United States District Court

In the present appeal arising from a Chapter 13 bankruptcy proceeding, Debtors/Appellants Douglas P. and Tracy E. Russell seek to overturn the Bankruptcy Court's July 21, 2006 order granting in part an application for attorney fees filed by Appellee David Shook. In the challenged order, the Bankruptcy Court declined to award the full amount of $4,879.00 in fees and expenses sought by attorney Shook, and instead

awarded a discounted amount of $3,396.00. On appeal, Debtors contend that the attorney fee application should have been denied in its entirety, in light of purported procedural and legal defects in this request, and in light of alleged deficiencies in attorney Shook's representation of Debtors. For the reasons set forth below, this Court affirms the Bankruptcy Court's fee award in its entirety.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Debtors' submissions to this Court feature lengthy and rambling factual recitations and are accompanied by a rather voluminous record, encompassing not only the above-referenced Chapter 13 proceeding but also a prior Chapter 7 proceeding, an adversary proceeding within the Chapter 7 case, and an earlier civil suit brought against Debtors' construction company. For purposes of resolving the issues presently before this Court, however, a more streamlined account will suffice.

In November of 2002, Debtors/Appellants Douglas P. and Tracy E. Russell filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. Debtors were represented by the Appellee, attorney David Shook, in their filing for Chapter 7 relief. During the course of the Chapter 7 case, an adversary proceeding was brought against Debtors by various benefit funds, seeking a determination that a debt allegedly owed by Debtors to the benefit funds was non-dischargeable.[1]  This adversary proceeding was

---

[1] These same benefit funds had previously brought a civil suit against a construction business owned and operated by Debtors, DPR Construction, Inc., alleging that this company was delinquent in its fringe benefit contributions on behalf of its employees. The parties stipulated to the dismissal of this suit in April of 2003, with the benefit funds instead pursuing their claims in the bankruptcy proceedings.

2

resolved through the entry of a consent judgment, in which Debtors agreed to the entry of judgment against them in the amount of $11,000.00. The consent judgment was signed by Debtors, as well as by Mr. Shook as their counsel.[2]

On May 23, 2003, an order of discharge was entered in Debtors' Chapter 7 case. At roughly the same time, on May 6, 2003, Debtors commenced the above-captioned Chapter 13 proceeding, as an apparent emergency measure in response to an imminent attempt to foreclose upon their home.[3] Once again, Debtors were represented by Mr. Shook in their Chapter 13 filing. Debtors' proposed Chapter 13 plan was confirmed by order dated December 17, 2003, with the Bankruptcy Court awarding $3,794.00 in attorney fees and expenses to Mr. Shook.

In March of 2004, the trustee moved to dismiss the Chapter 13 proceeding due to Debtors' failure to remain current in their plan payments. In Debtors' view, this failure was largely attributable to the deficient performance of their counsel, Mr. Shook, who purportedly assisted in the formulation of a plan that was not feasible in light of Debtors'

---

[2]Debtors subsequently moved to set aside this consent judgment, arguing that Mr. Shook was not authorized to represent them in the adversary proceeding and that he had committed malpractice in advising them to agree to the entry of the consent judgment. The Bankruptcy Court denied this motion, as well as one or more motions for reconsideration, and Debtors took an appeal from these rulings. These rulings were affirmed by Judge O'Meara of this Court in an opinion and order dated September 21, 2005. For whatever reason, the Bankruptcy Court clerk failed to identify the present appeal as a companion to Debtors' earlier appeal, nor did the parties indicate that the present appeal might qualify as a companion to Debtors' prior appeal.

[3]This Chapter 13 proceeding was pending at the time the consent judgment was entered in the Chapter 7 adversary proceeding. Consequently, the consent judgment called for Debtors to incorporate their payments toward this judgment into their proposed Chapter 13 plan.

3

financial condition.  This failure evidently led to a breakdown in the relationship between Debtors and Mr. Shook, with Shook withdrawing as Debtors' counsel in May of 2004, and with Debtors requesting that the Bankruptcy Court open an investigation and impose sanctions on their former counsel.[4]

By order dated October 1, 2004, the Bankruptcy Court declined to impose sanctions or address any claims of malpractice arising from Mr. Shook's representation of Debtors.  The Court did agree, however, to revisit the award of fees to Mr. Shook in the December 17, 2003 order confirming the Chapter 13 plan, reasoning that this award "appears to have occurred without proper notice and Court approval."  (Bankr. Ct. 10/1/2004 Order at 2.)  Following this ruling, Mr. Shook retained his own counsel and filed a November 30, 2004 application seeking an award of $4,660.00 in attorney fees and $219.00 in expenses.

The Bankruptcy Court addressed this and other matters at a lengthy hearing on January 11, 2005.  In the course of this hearing, Debtors faulted Mr. Shook for (i) commencing a Chapter 13 proceeding on Debtors' behalf when they purportedly lacked the income to fund their proposed plan, (ii) failing to advise them that a student loan debt would not be accounted for in the proposed plan, but would have to be paid separately, (iii) failing to account for the seasonal nature of Mr. Russell's income in formulating a proposed plan, (iv) improperly including expenses incurred in the Chapter 7 adversary

---

[4] Debtors also filed a state court civil suit, a grievance, and a criminal complaint against Mr. Shook.

4

proceeding as part of the fee award he was seeking in the Chapter 13 case, (v) failing to take action on Debtors' behalf when Mr. Russell's employer withheld a portion of his income for payment into the Chapter 13 plan but then failed to forward these funds to the plan, (vi) failing to take issue with an excessive attorney fee being sought by a mortgage company, (vii) failing to give Debtors credit for a filing fee that Mr. Shook initially paid but for which he was subsequently reimbursed by Debtors, and (viii) seeking fees at an hourly rate of $200 when he had agreed to a lower $190 rate.  In response, Mr. Shook's attorney cited various ways in which Debtors and the bankruptcy estate had benefitted from Mr. Shook's services.  Finally, while the Bankruptcy Court expressed an interest in hearing directly from Mr. Shook on these matters, his counsel stated that Mr. Shook had been advised not to testify at the hearing, in light of the pending criminal complaint Debtors had filed against him.

     Following this hearing, the Bankruptcy Court requested and received further written submissions from the parties, and then issued a July 21, 2006 order granting in part Mr. Shook's fee application.  In so ruling, the Bankruptcy Court noted Mr. Shook's stated willingness at the January 11, 2005 hearing to reduce his fee request by (i) $233 to account for the $10 discrepancy in his hourly rate as disclosed in his fee application and as purportedly agreed to by Debtors, and (ii) $750 to account for a payment he had received from Debtors that was not properly credited in the fee application.  The Court then determined that Mr. Shook's fee request should be further discounted by $500 in light of the procedural deficiencies in his fee application and his failure to fully comply

with Fed. R. Bankr. P. 2002 and the relevant Local Bankruptcy Rules of this District. After deducting these amounts, the Court found that the legal services identified in Mr. Shook's fee application "were truly reasonable and necessary to the administration of the bankruptcy estate," and that he therefore was entitled to an award of $3,396.00 in attorney fees and expenses. (Bankr. Ct. 7/21/2006 Order at 2.) Debtors now appeal from this ruling.

## II. ANALYSIS

### A.     The Standards Governing Debtors' Appeal

In the present appeal, Debtors challenge both the Bankruptcy Court's legal determinations and its findings as to the amount of a reasonable fee award. To the extent that Debtors complain of procedural or legal defects in the Bankruptcy Court's determination of an appropriate fee award, this Court reviews such questions of law *de novo. See First National Bank of Barnesville v. Rafoth (In re Baker & Getty Financial Services, Inc.),* 974 F.2d 712, 717 (6th Cir. 1992). As for deciding the amount of a reasonable fee award, however, the Bankruptcy Court has "broad discretion" in this matter, *see Manufacturers National Bank v. Auto Specialties Manufacturing Co.,* 18 F.3d 358, 362 (6th Cir. 1994), and this Court cannot overturn this award unless "the bankruptcy court fail[ed] to apply the proper legal standard and procedure in making the fee determination or base[d] the award on clearly erroneous findings," *Solomon v. Wein (In re Huhn),* 145 B.R. 872, 875 (W.D. Mich. 1992).

### B.     The Bankruptcy Court Did Not Commit Legal Error or Abuse Its Discretion

**in Awarding $3,396 in Fees and Expenses to Attorney Shook.**

The Court recognizes that the submissions of the *pro se* Debtors in this case "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (internal quotation marks and citations omitted). Nonetheless, it is nearly impossible to discern the precise grounds for Debtors' challenges on appeal, amidst their rambling and disjointed accusations of criminal misconduct, protests against the outcomes of other cases that have little or no bearing on the questions before this Court, and complaints about the actions of individuals — most notably, the Chapter 13 trustee — who are not parties to the present appeal. Moreover, the Court is mindful that it is not "the proper function of the district court to assume the role of advocate for the *pro se* litigant." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991  Against this backdrop, the Court endeavors to address the contentions that it is able to glean from Debtors' briefs on appeal, and that have at least some arguable bearing upon the Bankruptcy Court's challenged fee award.

First, Debtors contend that the award of fees and expenses to attorney Shook was procedurally improper, where the initial award of $3,794 made in connection with the December 17, 2003 confirmation of Debtors' Chapter 13 plan failed to comport with Local Bankruptcy Rule 2016-2.[5] Yet, the Bankruptcy Court expressly recognized this, both in an October 1, 2004 order and in the July 21, 2006 ruling now on appeal. To

---

[5]This Local Rule has since been eliminated, with most of its provisions incorporated into Local Bankruptcy Rule 2016-1.

address this deficiency, the Bankruptcy Court determined that the initial fee award should be revisited, with the result that Mr. Shook filed a more detailed fee application, the Bankruptcy Court held an extensive hearing on this matter, and Debtors were given an opportunity to file a number of additional submissions on this subject. By the time of the final award of $3,396 in fees and expenses, then, any procedural defects in the initial award had long since been addressed and cured, and Debtors fail to suggest what procedures or rules might have been violated in the process leading to the final fee award. To the extent that Debtors contend that no amount of notice and opportunity to be heard would suffice to overcome the procedural defects in the initial fee request and award, they have not cited any authority for this proposition, nor is the Court aware of any.[6]

Next, Debtors protest any award of fees to attorney Shook arising from his services in connection with the adversary proceeding brought against them by various benefit funds in the course of the Chapter 7 case, on the grounds (i) that Mr. Shook was never retained to represent them in this adversary proceeding, (ii) that Mr. Shook acted contrary to their position and interests by agreeing to, and securing their agreement to, the entry of a consent judgment to resolve this adversary proceeding, and (iii) that this adversary proceeding, as a part of the Chapter 7 case, could not properly support an award of fees in the Chapter 13 proceeding. To a large extent, however, these various challenges have

---

[6]It also bears emphasis that the Bankruptcy Court reduced the amount of the final fee award by $500 in light of Mr. Shook's failure to properly adhere to the relevant Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rules in his application for fees and expenses.

8

already been litigated before the Bankruptcy Court and on appeal to Judge O'Meara, who affirmed the Bankruptcy Court's denial of Debtors' effort to vacate or set aside the consent judgment entered in the adversary proceeding, and who explained that any claims Debtors might wish to assert against Mr. Shook arising from his representation of them in the adversary proceeding were properly litigated in a separate state court malpractice suit. Likewise, the present appeal provides no occasion for this Court to delve into any questions as to the nature, scope, or terms of Mr. Shook's representation of Debtors in the adversary proceeding.

Rather, the question before the Bankruptcy Court in making a fee award — and, hence, before this Court on appeal — was limited to whether the services identified in Mr. Shook's fee application met the criteria set forth in 11 U.S.C. § 330(a) for awards of fees and expenses. To be sure, this statute dictated that the Bankruptcy Court consider, among other factors, the "benefit and necessity of [Mr. Shook's] services to the debtor[s]," 11 U.S.C. § 330(a)(4)(B), and prohibited an award of compensation for services that were not "reasonably likely to benefit the debtor[s'] estate," § 330(a)(4)(A)(ii). Against this statutory backdrop, then, it was surely appropriate for the Bankruptcy Court to hear and consider Debtors' views as to whether Mr. Shook's services in connection with the adversary proceeding were beneficial or detrimental to them or their bankruptcy estate. Yet, the Bankruptcy Court did so, concluding over Debtors' objections that these services "were truly reasonable and necessary to the administration of the bankruptcy estate." (7/21/2006 Order at 2.)

9

While Debtors continue on appeal to strenuously insist otherwise, this Court cannot say that the Bankruptcy Court clearly erred in this assessment. As a result of Mr. Shook's efforts in connection with the adversary proceeding, a potential non-dischargeable debt of over $22,000 was reduced to an $11,000 consent judgment. What is more, under the express terms of the consent judgment negotiated by Mr. Shook, only $3,000 of this $11,000 settlement amount was designated a priority unsecured claim under the Chapter 13 plan confirmed by the Bankruptcy Court.[7] The Bankruptcy Court could reasonably have viewed this outcome as "beneficial" to Debtors and their bankruptcy estate, at least "at the time at which the service was rendered." 11 U.S.C. § 330(a)(3)(C). Moreover, because of this benefit to Debtors and the bankruptcy estate as determined by the Bankruptcy Court, and because the settlement of the adversary proceeding was closely intertwined with the commencement of the Chapter 13 proceeding and the formulation of a Chapter 13 plan, the Bankruptcy Court did not err in awarding compensation to Mr. Shook for services provided in connection with the adversary proceeding, even though this proceeding was brought as part of the earlier Chapter 7 case. *See In re Busetta-Silvia,* 314 B.R. 218, 223-25 (B.A.P. 10th Cir. 2004) (broadly construing the requirement of § 330(a)(4)(B) that services be provided "in connection with the bankruptcy case," and holding that this language authorizes compensation for

---

[7]As to the remaining $8,000 of this judgment, the benefit funds were relegated to the status of general unsecured creditor, with a correspondingly diminished prospect of being able to recover this balance.

services provided prior to the commencement of a Chapter 13 proceeding).

Debtors next complain that the Bankruptcy Court failed to deduct from its fee award certain amounts that Debtors had already paid to attorney Shook in connection with the Chapter 13 proceedings. In support of this challenge, Debtors point to copies of $750.00 and $430.00 money orders they paid to Mr. Shook in May of 2003, in the immediate aftermath of the commencement of the Chapter 13 case. As to the $750 payment, however, the Bankruptcy Court's fee award expressly includes a reduction in precisely this amount "due to an accounting error," (7/21/2006 Order at 2), and there is every reason to believe that this reduction was based on the $750 money order given to Mr. Shook in May of 2003. While the record is less clear as to the Bankruptcy Court's disposition of Debtors' request for a credit arising from the $430 money order, this Court notes that the Bankruptcy Court reduced Mr. Shook's fee request by an additional $500 in light of his failure to fully comply with the applicable Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rules, and this reduction is more than sufficient to encompass any credit that Debtors should have been given for their $430 payment to Mr. Shook in May of 2003.

Debtors' next set of challenges on appeal are readily resolved. At one point in their brief on appeal, they cite a number of entries in attorney Shook's fee application that "should be denied" because they reflect services that "did not benefit the debtor" or were "unnecessary for the administration of" the Chapter 13 proceeding. (Debtors' 11/13/2006 Amended Appeal Br. at 13-14.) Later in their brief, they point to another set of entries as

reflecting "duplicate services" for which no compensation should have been awarded. (*Id.* at 15.) No effort has been made, however, to explain how the Bankruptcy Court might have clearly erred or abused its discretion in determining that Mr. Shook should be compensated for these services, and the Court declines to fashion such arguments or explanations on Debtors' behalf. To the extent that Debtors more broadly assert that ***none*** of Mr. Shook's services provided any benefit to them or the bankruptcy estate, the Court already has explained that the resolution of the adversary proceeding redounded to the benefit of Debtors and the estate — or, at a minimum, the Bankruptcy Court could reasonably have so concluded — and it also is worth noting that the Chapter 13 proceedings and attendant plan, while ultimately unsuccessful, did forestall a foreclosure action and permit Debtors to remain in their home for a significant additional period of time. Regardless of whether this Court might conclude, as an independent matter, that Mr. Shook's efforts on these scores warranted an award of $3,396 in fees and expenses, the Court cannot say that the Bankruptcy Court abused its considerable discretion in making such an award.

Finally, Debtors contend that the Bankruptcy Court's fee award suffers from two legal defects that the court below did not properly consider. First, they argue that attorney Shook should be deemed ineligible for a fee award because the Chapter 13 plan he assisted in formulating was, in Debtors' view, not confirmable. Yet, as a threshold matter, it bears noting that this plan ***was*** confirmed. To be sure, Debtors claim that this plan was not feasible in light of their financial condition, and that Mr. Shook either failed

12

to appreciate or affirmatively misrepresented their financial predicament in formulating and securing the confirmation of a Chapter 13 plan. The Bankruptcy Court evidently concluded otherwise, however, and this Court cannot say, upon reviewing the record, that the Bankruptcy Court clearly erred in determining that the services provided by Mr. Shook in connection with the Chapter 13 proceeding were beneficial to the advancement of this proceeding and to the administration of the bankruptcy estate at the time these services were rendered. While Debtors ultimately were unable to remain current in their plan payments, this unsuccessful outcome did not dictate that Mr. Shook's request for fees be denied. *See In re Greene,* 138 B.R. 403, 408 (Bankr. S.D.N.Y. 1992) (observing that the lack of a successful result "is not a *per se* reason for denying the debtors' counsel any compensation although this fact must be taken into consideration in ascertaining the value of the legal services to the estate"). Again, even if this Court might have applied a greater discount to Mr. Shook's fee award in light of the outcome achieved, it cannot say that the Bankruptcy Court abused its discretion in awarding the amount that it did.

Debtors further contend that attorney Shook should be bound by the $3,794 fee award he sought and obtained at the time the Chapter 13 plan was confirmed, but that he nonetheless filed a subsequent application in which he sought fees and expenses totaling $4,879. Of course, the Bankruptcy Court ultimately awarded $3,396 in fees and expenses, an amount less than the award initially obtained by Mr. Shook. In any event, Mr. Shook's final application included $900 for post-confirmation services, which plainly could not have been sought or included in the fee award made at the time of confirmation.

13

The Bankruptcy Court determined, in accordance with the standards of § 330(a), that Mr. Shook was entitled to compensation for these post-confirmation services, and Debtors have failed to show that the Bankruptcy Court abused its discretion on this score.

### III.  CONCLUSION

For the reasons set forth above,

NOW, THEREFORE, IT IS HEREBY ORDERED that the Bankruptcy Court's July 21, 2006 order awarding attorney fees and costs in the amount of $3,396.00 is AFFIRMED in all respects.

> s/Gerald E. Rosen
> Chief Judge, United States District Court

Dated:  August 31, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 31, 2009, by electronic and/or ordinary mail.

> s/Ruth Brissaud
> Case Manager